# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| CAROL WILKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV609-033 |
| | ) | |
| H&S LEE, INC., d/b/a SHONEY'S INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Carol Wilkerson has been a repeat filer before this Court. *See Wilkerson v. EEOC*, No. CV609-034 (S.D.Ga. filed May 1, 2009) (companion Report and Recommendation issued this day, advising dismissal for failure to state a claim); *Wilkerson v. Bulloch County Sheriff's Dep't*, No. CV605-106, doc. 12 (S.D.Ga. dismissed Apr. 12, 2006) (failure to state a claim); and *Wilkerson v. Grinnell Corp.*, No. CV699-133, doc. 44 (S.D.Ga. dismissed Apr. 16, 2005) (summary-judgment, merits dismissal of employment discrimination claims, including one for a "sex-based hostile environment").

In this Title VII case, she alleges that her ex-employer, defendant H&S Lee, Inc., sexually harassed her. Doc. 1 at 3 ("Plaintiff was sexually harassed by Gene the kitchen supervisor, and another employee name Raymond Williams, and the owner[,] Herman Lee[,] called plaintiff little Raymond when he would speak to plaintiff."). Wilkerson further alleges that her defendant wrongfully terminated her "because she wouldn't give in to her supervisor Gene and co-worker Raymond Williams." *Id.* at 4. She seeks money damages plus "relief in honor of her personal data within plaintiff's record under the Privacy Act of 1974." *Id.* at 5.

Swearing under oath that she was last employed at a McDonalds in September 2007 and has no funds, she seeks leave to proceed in forma pauperis. Doc. 2. The Court **GRANTS** the motion. But when a litigant proceeds in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) authorizes the court to dismiss the complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. An

2

action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[1]

Title VII plaintiffs must exhaust Equal Employment Opportunity Commission (EEOC) administrative remedies and show they have done so by filing with their complaint an EEOC "right-to-sue" letter.[2] They

---

[1] Pro se pleadings are held "to a less stringent standard than pleadings drafted by an attorney." *Hall v. Sec'y for Dep't of Corr.*, 304 F. App'x 848, 849 (11th Cir. 2008) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (quotations omitted). And "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1964-65). Thus, while specific facts are not necessary under the notice pleading standard, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), a plaintiff must himself allege a non-conclusory claim showing that he is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). The Court cannot simply "fill in the blanks" to infer a claim. *See Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D.Ga. Feb. 18, 2009) (unpublished) ("judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).

[2] "An EEOC investigation, and an employee's participation in it, ends when the EEOC either dismisses the charge or issues a letter of determination [hence, a "Right to Sue Letter"] that states its final findings about the charge. *See* 29 C.F.R. §§ 1601.18, 1601.19(a), 1601.21(a)." *Crawford v. City of Fairburn*, 479 F.3d 774, 777

3

must timely initiate EEOC proceedings and, after those proceedings are completed, file suit within 90 days after the EEOC issues its right-to-sue letter. *See, e.g., Wakefield v. Cordis Corp.*, 304 F. App'x 804, 806 (11th Cir. 2008). However, the letter is not a jurisdictional prerequisite:

> The receipt of a right to sue letter is a condition precedent to filing a Title VII action. *See Fouche v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1525 (11th Cir. 1983); *see also Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987) (noting that "a plaintiff must generally allege in his complaint that all conditions precedent to the institution of the lawsuit have been fulfilled."). However, receipt of a right to sue letter is not an absolute necessity for filing suit in federal court. "It is clear ... that receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit, but rather, is a statutory precondition which is subject to equitable modification." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1569-70 (11th Cir. 1996).

*Irwin v. Miami-Dade County Public Sch.*, 2009 WL 497648 at * 6 (S.D.Fla. Feb. 25, 2009) (unpublished); *Burns v. Zadach*, CV408-197, doc. 22 (S.D.Ga. May 7, 2009) (unpublished).

Still, that does not mean that one may casually file suit and then furnish such a letter after the fact. Plaintiffs must supply a reason to support equitable modification of the condition-precedent (i.e., have an

---

(11th Cir.), *opinion vacated and superseded on other grounds*, 482 F.3d 1305 (11th Cir. 2007).

EEOC Right to Sue letter before commencing a case). *Jones v. Wynne*, 266 F. App'x 903, 905 (11th Cir. 2008); *Burns*, doc. 22 at 3-5. Wilkerson filed her complaint with no right to sue letter and urges no reason to support equitable modification of that condition precedent, so her case should be **DISMISSED WITHOUT PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this 14th day of May, 2009.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA