# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| CAROL WILKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV609-033 |
| | ) | |
| H&S LEE, INC., d/b/a SHONEY'S INC., | ) ) | |
| | ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

Defendant H&S Lee, Inc., moves to dismiss pro se plaintiff Carol Wilkerson's Privacy Act[1] case against it. Doc. 25. Wilkerson has been a frequent filer. *See Wilkerson v. EEOC*, CV609-034, doc. 8 (S.D. Ga. filed May 1, 2009) (dismissed for failure to state a claim); *Wilkerson v. Bulloch*

---

[1] As the Eleventh Circuit recently explained,

> [t]he Privacy Act, 5 U.S.C. § 552a, "governs the [federal] government's collection and dissemination of information and maintenance of its records [and] generally allows individuals to gain access to government records on them and to request correction of inaccurate records." *Perry v. Bureau of Prisons*, 371 F.3d 1304, 1304 (11th Cir.2004) (per curiam) (alteration in original) (citation and quotation omitted).

*Jones v. Luis*, 2010 WL 1476024 at *2 (11th Cir. Apr. 14, 2010).

*County Sheriff's Dep't*, CV605-106, doc. 12 (S.D. Ga. dismissed Apr. 12, 2006) (same);*Wilkerson v. Grinnell Corp.*, CV699-133, doc. 44 (S.D. Ga. dismissed Apr. 16, 2005) (summary-judgment, merits dismissal of employment discrimination claims, including one for a "sex-based hostile environment");*Wilkerson v. Statesboro Police Dep't*, CV609-075, doc. 9 (S.D. Ga. Nov. 13, 2009) (dismissed as frivolous, with prejudice); *Wilkerson v. Maxway Dep't Store*, CV609-071, doc. 8 (S.D. Ga. Oct. 28, 2009) (same); *Wilkerson v. Statesboro Finance Co.*, CV609-069, doc. 10 (S.D. Ga. Nov. 16, 2009) (same).

Here Wilkerson alleges that while employed by H&S, she "was sexually harassed by Gene the kitchen supervisor, and another employee name Raymond Williams, and the owner[,] Herman Lee[,] called plaintiff little Raymond when he would speak to plaintiff." Doc. 1 at 3. H&S wrongfully terminated her "because she wouldn't give in to her supervisor Gene and co-worker Raymond Williams." *Id.* at 4. Finally, "[t]he defendant created a hostile work environment and I was sexually harassed from May 12, 2008 until June 15, 2008." *Id.*

However, the remainder of plaintiff's complaint anchors her claim to the Privacy Act. First, she alleges that after she filed her EEOC

2

charge she signed a mediation form but H&S "refused and the EEOC was not enforcing the law which is my personal data that is my record under the Privacy Act of 1974 within the EEOC's system of records, which will identify me as one of the EEOC's federal law's [sic] and this confidential information is the evidence in my case." *Id.* Second, in her prayer for relief she states that she "wants this court to grant her relief in honor of her personal data within plaintiff's record under the Privacy Act of 1974." *Id.* at 5; *see also* doc. 26 at 2 (her "Objection" to H&S's dismissal motion, emphasizing that "EVIDENCE IS UNDER THE PRIVACY ACT OF 1974"); *id.* ("For the reasons stated in this case, and the evidence the defendant's motion to dismiss should be denied and Wilkerson prays that this court grants her relief under the Privacy Act of 1974.").

"The plaintiff is the master of the complaint. The plaintiff selects the claims that will be alleged in the complaint." *Danley v. Allen*, 540 F.3d 1298, 1306 (11th Cir. 2008) (quotes and cite omitted); *McCreary v. Brevard County*, 2010 WL 298395 at *6 (M.D. Fla. Jan. 20, 2010). Too, the "legal parameters of a given dispute are framed by the positions advanced by the adversaries, and may not be expanded *sua sponte* by the

trial judge." *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal quotes and cite omitted), quoted in *Walton v. Astrue*, 2010 WL 519811 at * 2 n.1 (S.D. Ga. Feb 10, 2010). Nor is it "the court's function to become an advocate for the pro se litigant." *Lemons v. Lewis*, 969 F. Supp. 657, 659 (D. Kan. 1997) (quotes and cite omitted), cited in *Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D. Ga. Feb 18, 2009) ("judges must not raise issues and arguments on plaintiffs' behalf").[2] Plaintiff Wilkerson therefore has brought a Privacy Act, not a Title VII, sexual-harassment based case.

Either way, H&S wants Wilkerson's case dismissed under Fed. R. Civ. P. 12(b)(6). Doc. 25. The Court thus accepts Wilkerson's *factual*

---

[2] As the Eleventh Circuit emphasized:

> Rule 8 requires that federal courts give pleadings a liberal reading in the face of a 12(b)(6) motion to dismiss. This admonition is particularly true when the parties are proceeding pro se. Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education. *See, e.g., Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, *see Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991), *or to rewrite an otherwise deficient pleading in order to sustain an action, see Pontier v. City of Clearwater*, 881 F.Supp. 1565, 1568 (M.D.Fla.1995).

*GJR Investments, Inc.*, 132 F.3d at 1369 (emphasis added); *Butler v. Broward County Cent. Examining Bd.*, 2010 WL 743898 at * 1 (11th Cir. May 5, 2010).

allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In evaluating the sufficiency of [her] Complaint, the court must first eliminate any allegations that are merely legal conclusions, and then assume the veracity of well-pleaded factual allegations. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949-50 (2009); *American Dental Ass'n v. Cigna Corp.*, __ F.3d __, 2010 WL 1930128 at *4 (11th Cir. May 14, 2010). "[A] plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

*Hester v. Regions Bank*, 2010 WL 2232158 at * 1 (M.D. Ala. June 3, 2010). *Iqbal* allows courts to infer from the factual allegations in the complaint "obvious alternative explanations" which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *American Dental*, 2010 WL 1930128 at *4 (citing *Iqbal*, 129 S.Ct. at 1951-52); *Jussi Kivisto v. Miller, Canfield, Paddock and Stone, PLC*, 2010 WL 2196472 at * 2 (S.D. Fla. June 1, 2010).

There are various provisions of the Privacy Act, and thus various standards apply, *see, e.g., Fanin v. U.S. Dep't of Veterans Affairs*, 572

5

F.3d 868, 872 (11th Cir. 2009), cited in *Wilkerson v. Statesboro Finance Co.*, 2009 WL 3861997 * 2 (S.D. Ga. Nov 16, 2009), and *Wilkerson v. Maxway Dep't Store*, 2009 WL 3481896 at * 1 (S.D. Ga. Oct 28, 2009), but Wilkerson -- previously informed of this fact -- cites none of them, not even in her facially nonsensical "Objection" to H&S's dismissal motion. Doc. 26. Given Wilkerson's insistence in pegging her claims to the Privacy Act, the Court concludes that, under the *Iqbal* dismissal standard, she fails to state a Privacy Act claim. H&S is simply *not* the federal government and is not alleged to have anything to do with government creation, storage, or dissemination of her records.

Even if the Court construed Wilkerson's claims under Title VII, her case still must be dismissed. First, she raises no disparate-treatment claim because she alleges no comparator facts, a necessary prerequisite. *See, e.g., Thomas v. Dep't of Corr.*, 2010 WL 1753315 at *6-7 (11th Cir. May 4, 2010)). And second, even if she framed her claims to state a hostile work environment case, nevertheless she fails to allege with sufficient specificity[3] "severe or pervasive" harassment necessary to

---

[3] Formulaic recitations of a claim's elements will not suffice; every complaint must contain sufficient factual matter which, if accepted as true, states a claim to relief

support it. "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment -- an environment that a reasonable person would find hostile or abusive -- is beyond Title VII's purview." *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 81 (1998) (quotes and cite omitted); *Beckford v. Dep't of Corr.*, 605 F.3d 951, 953-56 (11th Cir. 2010) (prison inmates' persistent, gender-specific verbal harassment and "gunning" masturbation aimed at prison's female employees was sex-based and highly offensive conduct that could be used to establish Title VII claim against department of corrections, which knew of that ongoing conduct, for failing to remedy sexually hostile work environment).

---

that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir. 2010). Here, Wilkerson simply claims that she was "sexually harassed by Gene the Kitchen Supervisor, and another employee named Raymond Williams," doc. 1 at 3, and that she was "wrongly terminated because she wouldn't give in to her supervisor . . . and co-worker" *Id.* at 4. Give in to what? And what specific actions figured into the "sexually harassed" behavior? Courts police the borderline here. Details must be alleged, because Title VII is not a general civility code, *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998), and a certain amount of boorish and even ugly behavior thus must be tolerated, *Breda v. Wolf Camera, Inc.*, 148 F. Supp. 2d 1371, 1374 (S.D. Ga. 2001); *Smith v. Akstein*, 408 F. Supp. 2d 1309, 1325-36 (N.D. Ga. 2005) (sifting actionable versus non-actionable behaviors); 33 AM. JUR. TRIALS 257 (*Sexual Harassment on the Job*) (2010), lest judges become "super-personnel officers." *Shealy v. City of Albany, Ga.*, 89 F.3d 804, 806 n. 6 (11th Cir. 1996).

Accordingly, the Court should **GRANT** the motion of defendant H&S Lee, Inc., to dismiss pro se plaintiff Carol Wilkerson's Complaint **WITH PREJUDICE**. Doc. 25.

**SO REPORTED AND RECOMMENDED,** this 22nd day of June, 2010.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA**