UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CAROL WILKERSON,

**Plaintiff,**

v.                          **6:09-cv-033**

**H&S LEE, INC., D/B/A SHONEY'S, INC.**

**Defendant.**

## ORDER

## I. INTRODUCTION

Plaintiff Carol Wilkerson ("Wilkerson") filed a Complaint against Defendant H&S Lee, Inc., d/b/a Shoney's, Inc. ("H&S"), alleging sexual harassment and asserting a claim for violations of the Privacy Act of 1974. *See* Doc. 1. The Magistrate Judge concluded that although Wilkerson includes allegations of sexual harassment in the Complaint, her claim is properly viewed as "a Privacy Act, not a Title VII, sexual-harassment based case." Doc. 29 at 4 (Magistrate Judge's Report and Recommendations). Because H&S is not a federal governmental entity to which the Privacy Act applies, the Magistrate Judge found that Wilkerson's Complaint failed to state a claim and recommended dismissal with prejudice. *Id.* at 6, 8. On the same day that the Magistrate Judge's recommendation was filed, a copy was mailed to Wilkerson at her address of record. *See* Docket entry dated June 22, 2010.

This Court agreed with the Magistrate Judge's recommendation, and dismissed the Complaint with prejudice on July 30, 2010. *See* Doc. 35 (Order adopting Magistrate's recommendation); Doc. 36 (Judgment dismissing case).

Three days after the dismissal, the copy of the Magistrate Judge's recommendation that the Clerk mailed to Wilkerson was returned as undeliverable. *See* Docket entry dated August 2, 2010. The following day, the Clerk corrected Wilkerson's address, and re-sent all correspondence dated on or after June 22, 2010. *See* Docket entry dated August 3, 2010.

## II. MOTION FOR RECONSIDERATION

Wilkerson has now filed a motion requesting that this Court reconsider its Orders accepting the Magistrate Judge's recommendation and dismissing her case with prejudice. *See* Doc. 39 (motion for reconsideration). The Court declines to do so.

A motion for reconsideration is appropriate when the moving party shows that: "(1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice." *See Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); *Sussman v. Salem, Saxon & Nielsen*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Parties "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon v. Nat'l*

*Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

Motions for reconsideration should not be granted as a matter of course. *See Richards v. U.S.*, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999) (noting that a motion for reconsideration is an "extraordinary remedy" that should be "employed sparingly"). Whether reconsideration is appropriate in a specific case is within the sound discretion of the district court. *See Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).

## A. UNTIMELY DELIVERY OF MAGISTRATE'S RECOMMENDATIONS

Wilkerson first argues that her Motion should be granted because she did not receive a copy of the Magistrate's Report and Recommendation in a timely manner. *See* Doc. 39 at 1. Under the local rules of this Court, parties have "the continuing obligation to apprise the Court of any address change." L.R. 11.1. In addition to the local rule requiring notification, Wilkerson was specifically instructed by the Magistrate to "immediate[ly] inform[ ] this Court of any change of address during the pendency of the action." Doc. 23 at 5-6.

Though it is true that Wilkerson's new address was included as the return address on an envelope filed with the Court on April 30, 2010 (*see* Doc. 26), listing a new address on an envelope does not constitute proper notification of an address change. *Bazemore v. U.S.*, 292 Fed. Appx. 873, 875 (11th Cir. 2008) (finding that the plaintiff had not "officially notified the [district] court of his

change of address," even though the motion at issue had been filed from his new address).

Wilkerson's own failure to officially notify the Court of her new address simply does not justify reconsideration—it does not demonstrate a change in controlling law, new evidence, or the need to correct an error or prevent an injustice.

As such, Wilkerson's Motion for Reconsideration cannot be granted on this basis.

## B. PRIVACY ACT CLAIMS

Wilkerson also argues that she is entitled to reconsideration because her Privacy Act claim is an "exceptional case." Doc. 39 at 2. As the Court has previously noted, the Magistrate Judge correctly recommended dismissal of Wilkerson's claims. In her generally confused paragraph addressing the Privacy Act claim, Wilkerson does nothing more than repackage arguments that have already been considered by this Court.

Neither the delayed delivery of the Magistrate's recommendations nor the fact that Wilkerson asserts a Privacy Act claim satisfies the standard required to justify reconsideration.

Wilkerson's Motion for Reconsideration is, therefore, ***DENIED***.

## III. MOTION FOR APPOINTMENT OF COUNSEL

In the section of her Motion for Reconsideration in which she explains the exceptional nature of the Privacy Act claim, Wilkerson states, without further

explanation or argument, that she is "entitled to appointment of counsel." Doc. 39 at 2.

Because this case is no longer pending, however, to the extent that Wilkerson intended to file a Motion for Appointment of Counsel, the motion is ***DENIED*** as moot.

This 13th day of September 2010.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA